IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
MELENA BULLARD MCNEIL, ) Case No. 10-80005
) Chapter 13
Debtor. )

OBJECTION TO CONFIRMATION

NOW COMES W. S. Badcock Corp. ("Badcock") by and through its undersigned counsel, and hereby objects to the Debtor's proposed Chapter 13 Plan as follows:

1. The Debtor sought and obtained relief from the Court under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§1301-1330, by petition filed on or about January 4, 2010.

2. On or about December 14, 2006, the Debtor opened a revolving credit account with Badcock (the "Badcock Credit Plan") pursuant to the terms of a Badcock Easy Purchase Plan Credit Agreement of even date. See Exhibit 1.

3. On or about December 13, 2008, the Debtor purchased furniture and home furnishings (the "Furniture and Furnishings") from Badcock under the Badcock Credit Plan pursuant to a Sales Slip of even date. See Exhibit 2.

4. The outstanding balance due for the Furniture as of the petition date was $1,614.31.

5. On or about January 26, 2009, within one (1) year of the filing date, the Debtor purchased additional furniture (the "Additional Furniture"), from Badcock under the Badcock Credit Plan pursuant to the Sales Slips attached hereto collectively as Exhibit 3.

6. The outstanding balance due for the Additional Furniture as of the petition date was $1,299.80.

7. Pursuant to the terms of the Credit Agreement, the Debtor granted Badcock a purchase money security interest in each of the above-described consumer items until payment for same was made in full.

8. The Debtor's Chapter 13 Plan proposes to allow Badcock a secured claim for all of the above-described consumer items of only $600.00, which presumably is the current FMV the Debtor attributes to same.

9. Pursuant to the provisions of the "hanging paragraph" to 11 U.S.C. Sec. 1325, Badcock objects to the proposed Plan to the extent that it does not provide for payment to Badcock in full for the $1,299.80 balance due on the above-described Additional Furniture that the Debtor purchased and financed with Badcock within one (1) year of the filing date.

10. Badcock further objects to the proposed Plan to the extent that it does not clearly state the proposed valuation of the Furniture and Furnishings, in order for Badcock to determine whether the proposed "strip down" of that portion of its claim that relates to these items is or is not their respective current FMV.

WHEREFORE, Badcock respectfully requests that a hearing be scheduled on this matter by the Court to determine the appropriate treatment of Badcock's claim secured by the above-described consumer items.

This the 17th of May, 2010.

        KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.


        By: /s/ Pamela P. Keenan
        Pamela P. Keenan, N.C. State Bar No. 20328
        Attorneys for W. S. Badcock Corp.
        PO Box 19766
        Raleigh, NC 27619
        Telephone: (919) 848-0420
        Facsimile (919) 848-4216

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, she served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Melena B. McNeil
411 Mt. Zion Church Road
Hoke, NC 28364

John T. Orcutt
6616-203 Six Forks Road
Raleigh, NC 27615

Richard M. Hudson, II
PO Box 3613
Durham, NC 27702

This the 17th of May, 2010.

/s/ *Beverly Morris*
Beverly Morris
Paralegal