UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Melena Bullard McNeil**,

Bankruptcy Case No.: 10-80005

Soc. Sec. No. xxx-xx-9797
Mailing Address: 411 Mount Zion Church Road, ,
Maxton, NC 28364-

                              Debtor.

**Melena Bullard McNeil**,

                            Plaintiff,   A.P. No.:_____

**U.S. Credit, Inc.,**

                            Defendant.

**VERIFIED COMPLAINT TO VALUE COLLATERAL AND FOR DETERMINATION
OF CLASSIFICATION OF CLAIM**

The Plaintiff, above-named, respectfully alleges as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. § 157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. §§ 506, 1322(b)(2), 1335(a)(5) and 1327 (c), and in accordance with Bankruptcy Rule 7001, to value their residence for the purpose of determining the secured status of the mortgage claim held by U.S. Credit Inc..

3. The Plaintiff is filed this bankruptcy case on January 4, 2010, seeking protection under Chapter 13 of Title 11 of the United States Code.

4. The Defendant U.S. Credit Inc. is a corporation and/or a partnership with an office and principal place of business located at 100 Sw 75Th Street, Suite 102, Gainesville, FL 32607-5775. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 506, 1322(b)(2), 1335(a)(5) and 1327 (c).

5. The Plaintiff owns real property located at 411 Mount Zion Church Road, Maxton NC 283764. The legal description of the property is as follows:

   ALL THAT CERTAIN PARCEL OF LAND IN HOKE COUNTY, OF NC, AS MORE FULLY DESCRIBED IN BOOK 519 PAGE 89 ID# 94100001049, BEING KNOWN AND DESIGNATED AS LOT NO. 2, BULEBIRD VALLEY, FILED IN PLAT BOOK CABINET2, SLIDE 2-12.

   BEING THE SAME PROPERTY CONVEYED BY FEE SIMPLE DEED FROM

ANDERSON AND ANDERSON OF SCOTLAND LLC., TO MELENA BULLARD, DATED 09/11/2002 RECORDED ON 9/20/2002 IN BOOK 519, PAGE 89 IN HOKE COUNTY RECORDS, OF NC.  The tax map or parcel ID No. is: 194100001049

6. Lumbee Guaranty Bank holds a first Deed of Trust on such property with an payoff balance, as of the date this case was filed in the amount of approximately $52,097.09. This Deed of Trust was recorded on September 20, 2002, in Book 519 at Page 71, Hoke County Registry of Deeds.

7. U.S. Credit, Inc. FILED A Proof of Claim, on or about January 1, 2009 asserting that it has an executory contract for the "Lease-Purchase Storage Building."

8. There is no documentation regarding this claim attached to the Proof of Claim

9. The Debtor believed that this claim was for the purchase of the storage building, qwhis is now attached to her real property

10. Based both on the indication on the Proof of Claim that this is a lease-purchase and the Debtor's understanding of this transaction, this claim should be classified as a purchase money security interest

11. As the Proof of Claim does not include competent evidence of the perfection of a security interest, either through a UCC-1 fixture filing or other security instrument recorded the Hoke County Register of Deeds, U.S. Credit, Inc. Should have its secured claim disallowed and any lien declared void Pursuant to 11 U.S.C.§ 506(d).

12. Furthermore the fair market value of the said property is not greater than $51,410.00.

13. Pursuant to 11 U.S.C. §§ 506, 1322(b)(2), 1335(a)(5) and 1327 (c) of the Bankruptcy Code and In re: Kidd, 161 B.R. 769 (Bankr. E.D.N.C. 1993), the loan with U.S. Credit Inc., secured by a second Deed of Trust against the Plaintiff's said property, is an unsecured claim. In turn, pursuant to 11 U.S.C. § 506(d), the lien securing said loan is void

**WHEREFORE**, the Plaintiff prays the Court find that said claim held by U.S. Credit Inc., which is secured by a second Deed of Trust upon said property, to be wholly unsecured, and that said claim should therefore be classified an unsecured claim for the purpose of this Chapter 13 case. The Plaintiff further prays that the Court order U.S. Credit Inc. to cancel the said Deed of Trust forthwith upon the completion of the Plaintiff's Chapter 13 plan and the granting of the Plaintiff's discharge, and that the Court grant such other and further relief as to the Court seems just and proper.

Dated: July 20, 2010

                                                **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

                                                /s Edward Boltz
                                                Edward Boltz
                                                Attorney for the Plaintiff
                                                North Carolina State Bar No.: 23003
                                                6616-203 Six Forks Road
                                                Raleigh, N.C. 27615
                                                (919) 847-9750

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Melena Bullard McNeil**,

Soc. Sec. No. xxx-xx-9797
Mailing Address: 411 Mount Zion Church Road,
, Maxton, NC 28364-

Bankruptcy Case No.: 10-80005

Debtor.

**Melena Bullard McNeil**,

Plaintiff, A.P. No.:

**U.S. Credit Inc.**,

Defendant.

## VERIFICATION OF COMPLAINT TO VALUE COLLATERAL

I, Melena Bullard McNeil, the Plaintiff in the above captioned case, hereby state, under penalty of perjury, that, to the best of my knowledge, that:

1. Lumbee Guaranty Bank holds a first Deed of Trust on such property with an payoff balance, as of the date this case was filed in the amount of approximately $52,097.09. This Deed of Trust was recorded on September 20, 2002, in Book 519 at Page 71, Hoke County Registry of Deeds.

2. U.S. Credit Inc. holds a second Deed of Trust on such property with a payoff balance, as of the date this case was filed in the amount of approximately $5,109.00.

3. The fair market value of the said property is not greater than $51,410.00.
4. The Deed of Trust held and/or serviced by the Defendant takes an additional security interest in, among other personal property, my escrow account.

Dated: 7/9/2010

/s/Melena Bullard McNeil
Melena Bullard McNeil

**Notarization:**

Sworn and subscribed before me on 7/9/2010

Affix Seal or Stamp

/s/Pamela C. Currie
Signature of Notary Public

Commission expires: Nov. 3, 2011