IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                              )
                                    )
MELENA BULLARD MCNEIL,               )      Case No. 10-80005
                                    )      (Chapter 13)
         Debtor.                    )

**MOTION FOR, AMONG OTHER THINGS,
RELIEF FROM THE AUTOMATIC AND CO-DEBTOR STAYS**

COMES NOW Wells Fargo Auto Finance, Inc., Servicer for Wells Fargo Bank, N.A. (herein "Wells Fargo"), pursuant to 11 U.S.C. §§362(d) and 1301(c), and moves for relief from the automatic and co-debtor stays herein, or, in the alternative, applies to the Court for adequate protection of its interest in the below-described vehicle, as follows:

1.      The Debtor commenced this case by petition filed on or about January 4, 2010.

2.      On or about November 10, 2006, the Debtor and Angel Bullard (the "Co-Debtor") jointly purchased a 2007 Chevrolet Tahoe, VIN #1GNFK13077R103547 (herein the "Vehicle"), pursuant to the terms of an installment sales contract of even date (herein the "Contract"). A copy of the Contract is attached hereto marked Exhibit 1. The Contract was subsequently assigned to Wells Fargo and Wells Fargo is now the sole owner and holder of the Contract.

3.      Under the terms of the Contract, Wells Fargo has a senior security interest and first lien on the Vehicle which it duly perfected. A copy of the Certificate of Title evidencing same is attached hereto marked Exhibit 2.

4.      The Chapter 13 Plan calls for the payments due under the Contract to be made through the Trustee's office. On information and belief, the Debtor is at least two (2) months delinquent in making the payments to the Trustee's office called for under the Chapter 13 Plan.

5.      The current net payoff balance due under the Contract is $48,756.46, together

with interest accruing thereon at 16.25% per annum. At the same time, the current NADA retail and wholesale values of the Vehicle are no more than $28,800 and $21,800, respectively. See Exhibit 3. Thus there is no equity in the aforesaid Vehicle, the value of Wells Fargo's claim secured by said Vehicle being in excess of the fair market value thereof.

6. Under these circumstances, Wells Fargo does not have adequate protection of its security interest in the Vehicle, and thus there is good cause to grant Wells Fargo relief from the automatic and co-debtor stays under 11 U.S.C. §§362(d) and 1301(c).

7. If Wells Fargo is not permitted to foreclose its security interest in the aforesaid Vehicle, it will suffer irreparable injury, loss and damages.

8. Due to the nature of the Vehicle as being easily moved, easily secreted and easily damaged, Wells Fargo also hereby requests that any order granting the relief requested herein be immediately effective.

WHEREFORE, Wells Fargo moves the Court for the following relief:

1. The Court enter an Order pursuant to 11 U.S.C. §§ 362(d) and 1301(c), and Rule 4001(a)(3) immediately lifting the automatic and co-debtor stays to permit Wells Fargo to foreclose its security interest in the Vehicle in accordance with its loan documents and applicable law, and to thereafter pursue the Co-Debtor for any amounts which may remain due under the Contract after sale of the Vehicle; and

2. The Debtor be ordered to immediately release the Vehicle to Wells Fargo or advise it of the location of the Vehicle and the name, address, and telephone number of any third party in possession of the Vehicle; and

3. Wells Fargo be allowed a general unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle; and

4. That in the alternative, Wells Fargo be afforded adequate protection of its security interest in the Vehicle, including proof of continuing insurance coverage on the Vehicle naming Wells Fargo as loss payee, and reimbursement of the $525 in reasonable attorneys' fees and costs incurred in connection with this Motion; and

5. That Wells Fargo have such other and further relief as to the Court seems just and proper.

This the 17th day of December, 2010.

KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.

By: /s/ Pamela P. Keenan
Pamela P. Keenan
N.C. State Bar No.20328
Attorneys for Wells Fargo Auto Finance, Inc.,
Servicer for Wells Fargo Bank, N.A.
Post Office Box 19766
Raleigh, North Carolina 27619
Telephone: (919) 848-0420
Facsimile (919) 848-4216

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, she served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Melena B. McNeil
411 Mount Zion Church Road
Maxton, NC 28364

Angel Bullard
1214 McGert Gin Road
Maxton, NC 28364

John T. Orcutt
6616-203 Six Forks Rd
Raleigh, NC 27615

Richard M. Hutson, II
PO Box 3613
Durham, NC 27702

This the 17th day of December, 2010.

/s/ Lou Ann Goodnight
Lou Ann Goodnight
Paralegal